Submitted on record and appellants' brief December 2, 1981;
respondents' motion to dismiss filed February 4,
appeal dismissed July 8, reconsideration denied August 5,
petition for review denied August 24, 1982 (293 Or 483)

WRIGHT et al,
*Appellants,*

*v.*

ASHLAND PUBLISHING CO., INC. et al,
*Respondents.*

(No. 80-3239-J-2, CA A20874)

647 P2d 979

Robert J. Wright, Per Bjorn-Roli, Pat Cunningham, Earl C. Logan, Don Haynes, Vince Vassallo, Art Hollowell, Jack Thompson, and Tony Corriea, Noti, filed the brief *pro se* for appellants.

Richard A. Roseta, and Flinn, Brown & Roseta, Eugene on the motion to dismiss.

Before Richardson, Presiding Judge, and Joseph, Chie Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs appeal from a trial court order denying plaintiff Wright's *pro se* motion to vacate a judgment entered against them. Defendants move to dismiss the appeal on the ground it was not timely filed. ORS 19.026(1).[1]

The record shows that on September 18, 1980, plaintiffs filed a *pro se* complaint for defamation. Defendants moved to dismiss. ORCP 21A(8).[2] On November 20, the trial court allowed that motion. On November 24, plaintiffs filed an amended *pro se* complaint. On November 25, the court dismissed plaintiffs' original complaint without prejudice and awarded defendants judgment for their costs and disbursements. ORCP 68B.[3]

Thereafter, plaintiff Wright filed a *pro se* motion to vacate the November 25 judgment on the ground that dismissal was premature because an amended complaint had been filed. That motion was denied. After Wright filed a *pro se* motion to reconsider, the trial court vacated its order denying Wright's motion and allowed defendants 20 days within which to plead further. However, the court did not allow Wright's motion to vacate the November 25 judgment.

Defendants then moved to strike plaintiffs' amended complaint on the ground that they had not received leave of court to file it. Defendants also asked the court to set a hearing on plaintiff Wright's motion to vacate the November 25 judgment. On February 26, 1981, the court struck plaintiffs' amended complaint. The court also

---

[1] ORS 19.026(1) provides in part:

"* * * the notice of appeal shall be served and filed within 30 days after the entry of the judgment appealed from."

[2] ORCP 21A (8) provides in part:

"A. * * * the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim * * *."

[3] ORCP 68B provides in part:

"In any action, costs and disbursements shall be allowed to the prevailing party * * *. If a party has a right to recover costs, such party shall also have right to recover disbursements."

set a hearing on plaintiff Wright's motion for the following month. Plaintiff Hollowell then filed a *pro se* notice of appeal from the order striking plaintiffs' amended complaint. We dismissed that appeal *sua sponte* on the ground that it had been taken from a nonappealable order. On April 2, the trial court denied plaintiff Wright's motion to vacate. On April 28, plaintiffs filed a *pro se* notice of appeal from the court's April 2 order.

Defendants move to dismiss plaintiffs' appeal. In a memorandum supporting their motion, defendants state:

> "The face of [plaintiffs'] brief in this matter indicates that they are appealing ' * * * from the opinion and order of the Honorable L. A. Merryman, Circuit Judge.' The record shows that such order was dated the 26th day of February, 1981. This appeal was filed simply too late * * *."

The matter before this court is the notice of appeal filed April 28, 1981. Although that notice was filed within 30 days of the order, the order from which that appeal was taken was not appealable. ORS 19.010. No appeal was ever taken from the judgment entered November 25, 1980. Therefore, defendants' motion to dismiss is allowed.

Appeal dismissed.